UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR M. TAGLE, SR.,<br>　　　　Plaintiff(s),<br>v.<br>U.S. CUSTOMS & BORDER PROTECTION, et al.,<br>　　　　Defendant(s). | Case No.: 2:20-cv-00080-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1.[1]

Plaintiff is a prolific filer who is a prisoner with three or more cases dismissed for failure to state a claim or maliciousness. *See Tagle v. DHS/ICC INS*, 2019 WL 4855351, at *1 (D. Nev. Oct. 1, 2019) (citing cases). As a result, Plaintiff may not proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy this provision, there must be plausible allegations of an imminent danger, *e.g.*, *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007), and those allegations must be related to the causes of action in the complaint, *e.g.*, *Asemani v. Islamic Republic of Iran*, 2019 WL 4935595, at *1 (D. Haw. Oct. 7, 2019) (collecting cases). The latter requirement means that Plaintiff must show that (1) the imminent danger is fairly traceable to the unlawful conduct asserted in the complaint and (2) a

---

[1] As a litigant proceeding without an attorney, the Court construes Plaintiff's filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

favorable outcome would redress that injury. *Pettus v. Moregenthau*, 554 F.3d 293, 298-99 (2nd Cir. 2009).

In this case, Plaintiff's claims arise out of alleged misconduct from roughly 30 years ago related to immigration and Plaintiff's citizenship status. *See* Docket No. 1-1 at 3-5. For example, Plaintiff alleges that immigration officials demand he pay $5,000 in exchange for a citizenship certificate. *See id.* at 3. Plaintiff also asserts in conclusory fashion that he currently faces danger in prison, *see id.* at 6, without pleading any causal connection between the decades-old alleged misconduct and the current alleged danger. Nor has Plaintiff made any kind of showing that the relief sought (in the form of damages from immigration agencies and immigration officials) would redress the alleged injury he claims with respect to prison conditions.[2]

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis* be **DENIED** and that he instead be required to pay the filing fee.

Dated: July 14, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] Because the alleged danger is untethered to the underlying claims, the Court need not address whether the allegations are otherwise sufficient to avoid the three-strikes provision in § 1915(g).